UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

LAKEITRA GREEN                                    Civil Action No.
Individually and on behalf of her
Minor child, R.J.

      Plaintiff

v.                                                 Jury Trial Requested

CHALMETTE ELEMENTARY
SCHOOL, JOHN or JANE DOE (an
Employee of Chalmette Elementary
School) and ST. BERNARD SCHOOL
BOARD

      Defendant

---

## ORIGINAL COMPLAINT

Petitioner Lakeitra Green, individually and on behalf of her minor child, R.J., for her complaint against the Defendants, Chalmette Elementary School and St. Bernard School Board, states as follows:

## <u>INTRODUCTION</u>

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Louisiana against Chalmette Elementary School and the St. Bernard School Board.

Petitioner Lakeitra Green alleges that individuals employed by the Chalmette Elementary School and the St. Bernard School Board falsely imprisoned the minor child (son of the Petitioner), subjected him to excessive force, caused him harm through negligence and intentional tort. The petitioner alleges that theses constitutional violations were committed as a result of the policies

1

and the customs of the Chalmette Elementary School and the St. Bernard School Board and that both of the named defendants are responsible for the actions of any employees and the torts that they commit via the theory of respondeat superior.

## JURISDICTION AND VENUE

1.

This action arises under both state and federal claims, namely federal claims pursuant to 42 U.S.C. § 1983 and 1988, the 14th and 4th Amendments to the United States Constitution and claims of excessive force; claims under state law including negligence, intentional torts, and false imprisonment.

2.

Jurisdiction over this action is vested in this Court by 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331, in that Count I of this action arise under the laws of the United States.  Supplemental jurisdiction over Count II arises under 31 U.S.C. § 3732(b), since that count arises from the same transactions or occurrences as Count I, and under 28 U.S.C. § 1367, since that count is so related to the federal claims that they form part of the same case or controversy.

3.

Venue is proper in this district under 31 U.S.C. § 3732(a).  The Defendant can be found, resides, and transacts business within the district, and many of the acts forming the basis of this action occurred within the district.

## THE PARTIES

4.

Chalmette Elementary School and St. Bernard Parish School Board are both Louisiana educational institutions providing educational services for the children of St. Bernard parish, including the minor child named herein.  Defendant John or Jane Doe is the teacher and employee of Chalmette Elementary School and St. Bernard Parish School Board who participated in the illegal and unconstitutional acts upon the minor child as alleged herein.

5.

Lakeitra Green ("Green" or "Petitioner") is an individual resident of the state of Louisiana. She is the mother and sole custodian of the minor child, R.J., as named herein.  Her minor child R.J. was a student at Chalmette Elementary School at the time of the incident.

## FACTUAL ALLEGATIONS

6.

The minor child, R.J., is a student at Chalmette Elementary School.  He was diagnosed with Autism and was attending school at the time of the incident.

7.

The minor child was a student attending school at Chalmette Elementary School on January 11, 2018 when an eye witness heard the minor child screaming and then also saw that the child was being pulled by his arm ("drug") around the school by his teacher.

8.

The grandmother of the child was alerted of the incident and she immediately arrived upon the school premises.

9.

Upon her arrival she found the minor child locked in a panic room.  The minor child was missing his pants and had visible fiberglass shards in his bottom.

10.

The minor child was kept in the locked room and was not allowed to leave.

## COUNT I

## FEDERAL CLAIMS

11.

The allegations in the preceding paragraphs are incorporated by reference.

12.

The defendants violated 42 U.S.C. § 1983 and 1988, the 14th and 4th Amendments and by imposing excessive force upon the minor child in that they

(1) Knowingly treated this Autistic minor child improperly; and

(2) Knowingly made, used, or caused to be made or used, inappropriate actions, treatment and behaviors against the Autistic minor child by dragging him around the school, locking him in a panic room, removing his pants, and paddling or striking him with a fiberglass object that caused fiberglass shards or pieces to stick out of his bottom;

13.

As a result of the Defendants' actions, the minor child and his mother (the named petitioner) have both suffered damages in an amount to be determined at trial.

14.

Petitioner claims damages under 42 U.S.C. § 1983 for the injuries set forth above and as proved at trial against the defendants for violations of the minor child's constitutional rights under color of law.

15.

Prior to January 11, 2018 the St. Bernard Parish School Board developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in St. Bernard Parish and at Chalmette Elementary School, which caused the violation of the Petitioner's and her minor son's rights.

16.

It was the policy and/or custom of the St. Bernard Parish School Board and Chalmette Elementary School to fail to exercise reasonable care in hiring its teachers , faculty, staff, and other school employees, including Defendant Doe, thereby failing to adequately prevent constitutional violation on the part of its employees.

17.

It was the policy and/or custom of the St. Bernard Parish School Board and Chalmette Elementary School to adequately supervise and train its staff, faculty and employees, including the Defendant Doe, thereby failing to adequately discourage further constitutional violations on the part of its staff, faculty and employees.

18.

As a result of the above described policies and customs, staff, faculty and employees of the St. Bernard Parish School Board and Chalmette Elementary School believed that their actions

would not be properly monitored by their supervisory persons and that misconduct would not be investigated or sanctioned, but would be tolerated.

19.

The policies and customs demonstrate a deliberate indifference on the part of St. Bernard Parish School Board and Chalmette Elementary School to the constitutional rights of persons within the Chalmette Elementary School and were the cause of the violations of minor child's rights.

## COUNT II

## LOUISIANA STATE LAW CLAIMS

20.

The allegations in the preceding paragraphs are incorporated by reference.

21.

The defendants falsely imprisoned the minor child of the petitioner by detaining him against his will.  The defendants had no reason to lock the minor child in the panic room.  All defendants participated in the unlawful detention.

22.

The defendants violated Louisiana State Law Claims of negligence, intentional tort and false imprisonment by:

(1) Knowingly treated this Autistic minor child improperly; and

(2) Knowingly made, used, or caused to be made or used, inappropriate actions, treatment and behaviors against the Autistic minor child by dragging him around the school, locking him in a panic room, removing his pants, and paddling or striking him with a fiberglass object that caused fiberglass shards or pieces to stick out of his bottom;

23.

As a result of the defendants' violations the minor child and his mother have suffered damages in an amount to be determined at trial.

WHEREFORE, the petitioner, on behalf of herself and her minor child, prays:

(a) That the Court enter judgment against the Defendants in an amount as to be determined appropriate after all facts and evidence have been considered;

(b) That the petitioner be awarded all costs and expenses incurred, including reasonable attorneys' fees; and

(c) That the Court order other relief as is appropriate.

Trial by jury is hereby requested.


Respectfully submitted:


s/David Rutledge

**DAVID F. RUTLEDGE**, La. Bar #33639
330 Settlers Trace, Suite A
Lafayette, Louisiana 70508
Telephone: (337) 484-1529
Facsimile: (337) 806-9994
Attorney for the Petitioner